BLAKE et al. v. BALTIMORE & C. S. S. CO. OF BALTIMORE CITY et al.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1914. Decree Modified March 3, 1914.)

No. 2502.

SALVAGE (§ 34*)—RIGHT TO COMPENSATION—NATURE OF SERVICES.

  A steamer by going out of her course to the assistance of a schooner which, though afloat, was lying in a dangerous anchorage, in response to her strenuous call for help, and by skillfully towing such schooner out of danger into safe waters, rendered a salvage service of meritorious character for which it was entitled to compensation and reward beyond the actual expense for deviation and the actual value of the towage services.

  [Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 80–83; Dec. Dig. § 34.*

  Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Suit by the Baltimore & Carolina Steamship Company of Baltimore City and others against William L. Blake and others. From a decree in favor of the libelants (203 Fed. 189), defendants appeal. Modified.

Daniel H. Hayne, of Baltimore, Md., and Wm. Garrard, of Savannah, Ga., for appellants.

Edw. S. Elliott, of Savannah, Ga., and Geo. Weems Williams, of Baltimore, Md., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PARDEE, Circuit Judge. Upon careful consideration of the evidence in the light of the briefs, we concur with the district judge in holding that the services rendered by the steamer Theodore Weems, in going out of her course to the assistance of the schooner Fred A. Davenport on her strenuous call for help when lying in a dangerous anchorage in and among Frying Pan Shoals off the Carolina coast, and in skillfully towing the said Davenport out of danger into safe waters, was a successful salvage service of very meritorious character for which the Weems is entitled to compensation and reward beyond the actual expenses for deviation and the actual value of towage services rendered; and the only open question is the amount of the salvage award.

The appellants contend that the only services the Weems rendered the Davenport were towage services, and that the amount allowed by the District Court, $6,500, is excessive and out of proportion to the services actually rendered, the risk taken, and the values of the vessels and cargoes involved.

The appellees stress the dangerous situation of the Davenport the night before when the call for help was sent out, and contend that on the arrival of the Weems the Davenport was practically aground and pounding on the shoal lumps in the vicinity, and that the Weems with

great difficulty extricated her before she was able to tow her out to safe waters.

We think it is clear from the evidence that, whatever may have been the Davenport's condition the night before or when her first call for assistance was sent out, at the time the Weems arrived the Davenport was afloat, and, although in a dangerous position, needed nothing but towage services to take her out of danger into safe waters.

While this is the case, we find that the services actually rendered by the Weems by reason of the call for assistance, the dangerous waters navigated, and the skillful pilotage required, were extraordinary towage services, and even upon a quantum meruit would be well compensated and require, say, an allowance of $250 for towage per se, $500 for deviation, and $1,250 for risk to steamer and cargo, amounting to $2,000; and doubling that amount for salvage reward, making $4,000, about 9 per cent. of the value of the Davenport, cargo and freight (which we find to be $44,000) would we think be a liberal allowance to the Weems in the premises, and be fully adequate as a reward for assisting a vessel in danger and distress and encourage others to do likewise.

For these reasons the decree of the District Court is amended by reducing the amount of recovery from $6,500 to $4,000, and as amended is affirmed.

As pending this appeal the appellants took additional evidence, the value of which is not apparent, thus increasing the costs in this court, the costs of this court will be equally divided.

## Modification of Decree.

In passing upon this case we only considered and decided the amount of salvage to be awarded. In determining this amount we considered, among other matters, the deviation, the risk to the Weems and cargo, and the towage services; but we made no specific allowance for either risk, cargo, or towage.

We find, however, that our former decree was not sufficiently specific. In reducing the bulk amount of salvage awarded, we overlooked the necessity of changing other figures in the decree amended, particularly in relation to the disposition of the amount awarded between the owners of the Weems and the master and crew of the same—a matter not referred to in the assignments of error nor on the hearing nor in the briefs.

To correct this omission our former decree is set aside, and in lieu thereof:

It is now ordered and adjudged that the decree of the District Court be, and the same is, amended so as to read as follows:

"This case having been heard on the pleadings and proof, and having been argued by the proctors of the respective parties, and due deliberation being had in the premises, it is now ordered, adjudged, and decreed by the court, in accordance with its opinion heretofore filed, that libelants, to wit, the Baltimore & Carolina Steamship Company of Baltimore City, a corporation duly incorporated under the laws of the state of Maryland, and C. H. Lewis, master of the steamship Theodore Weems, do recover against the respondents, William L. Blake, as managing owner of the schooner Fred A. Davenport and freight, and Maryland Steel Company, owner of cargo, claimants, as princi-

pals, and the United Fidelity & Guaranty Company as surety, the sum of four thousand ($4,000.00) dollars, and that said respondents, to wit, the said William L. Blake, as managing owner as aforesaid, and Maryland Steel Company, as principals, and the United States Fidelity & Guaranty Company, as surety, do pay the said libelants the said sum of four thousand ($4,000.00) dollars, together with costs to be taxed. It is further ordered that out of the said sum of four thousand ($4,000.00) dollars, the said Baltimore & Carolina Steamship Company do have the sum of three thousand and eighty ($3,080.00) dollars, the said C. H. Lewis, master, do have the sum of $120.00, and the other officers and all members of the crew of said steamship do have each one month's wages, which will aggregate the sum of eight hundred dollars."

And as amended the same is affirmed. The costs of this court to be equally divided.

The petitions for rehearing are denied.